NATHAN AUSTIN, DEFENDANT IN ERROR, v. PENNSYL-
VANIA RAILROAD COMPANY, PLAINTIFF IN ERROR.

Argued July 3, 1911—Decided November 20, 1911.

In an action against a railroad company for damages alleged to be
due to a fire communicated from its locomotive, the plaintiff must
prove circumstances which render it probable and not merely
possible that the defendant is at fault, but he is not required to
exclude beyond a reasonable doubt, the inference that the dam-
age was due to a cause for which the defendant is not responsible.
All that is required is that the circumstances be so strong that
a jury may properly, on grounds of probability rather than of
certainty, exclude an inference favorable to the defendant.

On error to the Supreme Court.

For the defendant in error, *Wilfred B. Wolcott* (*Isaac W. Carmichael*, on the brief).

For the plaintiff in error, *Alan H. Strong*.

The opinion of the court was delivered by

SWAYZE, J.   The facts of this case warranted an inference
by the jury that the fire that caused the damages for which the
plaintiff sues, was caused by sparks from a locomotive engine
of defendant.   They are quite as strong as in *Goodman* v.
*Lehigh Valley Railroad Co.*, 49 *Vroom* 317, a case which, after
a retrial, we, this term, reaffirm.   The defendant appeals to
the well-established rule that it is not enough for the plaint-
iff to prove the possible responsibility of the defendant, but
he must show the existence of such circumstances as justify
the inference of fault on the part of the defendant and exclude
the inference that the damage was due to a cause for which
the defendant was not responsible.   That is the rule and the
plaintiff must prove circumstances which render it probable
and not merely possible that the defendant is at fault.   But
when it is said that the circumstances must exclude the infer-

ence that the damage was due to a cause for which the defendant is not responsible, it is not meant to change the rule that ordinarily governs in civil cases and to force the plaintiff to exclude such inference beyond doubt. All that is required is that the circumstances should be so strong that a jury might properly on grounds of probability rather than of certainty exclude the inference favorable to the defendant. The question arises only where the evidence is circumstantial and where probability may be all that is attainable. A striking illustration is *Suburban Electric Co.* v. *Nugent,* 29 *Vroom* 658.

The evidence as to the condition of the screen also presented a jury question. The screen itself was in evidence and was produced at the argument before us. An inspection justified an inference adverse to the defendant.

The evidence as to another fire set by the same locomotive within a few minutes of the same time was admissible under the rule in the Goodman case.

The complaint of the comment by the learned trial judge upon the possible interest of one of the witnesses is not warranted. As we read it, the effort of the judge was to show the jury that the charge of bias or interest preferred by the plaintiff was without foundation, and that his relations with the railroad company would not be likely to lead him to color his testimony in the company's favor. It was a well-meant effort in favor of the defendant, and although it is possible that a different impression may have been conveyed to the jury by the tone or manner of the judge, we are unable to see that it was likely to harm the defendant.

The judgment is affirmed, with costs.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, GARRISON, SWAYZE, TRENCHARD, PARKER, BERGEN, VOORHEES, KALISCH, BOGERT, VREDENBURGH, CONGDON, WHITE, JJ. 13.

*For reversal*—None.