WILLIAM LEVENDUSKY, APPELLANT, v. EMPIRE RUBBER
MANUFACTURING COMPANY, APPELLEE.

Argued March 12, 1913—Decided June 18, 1913.

Plaintiff was injured by the explosion of a vulcanizer on defendant's
premises. He had for some months been in the employ of de-
fendant on said premises and was walking along the highway
on his way to work. At the trial his counsel declined to present
any proof of liability on the main case, other than the mere
occurrence of the accident, on the ground that he was not re-
quired to do so. *Held*, on the authority of *Bahr* v. *Lombard,
Ayres & Co.*, 24 *Vroom* 233, that a nonsuit was properly directed.

On appeal from the Supreme Court.

For the appellant, *John H. Backes.*

For the appellee, *Edward L. Katzenbach.*

The opinion of the court was delivered by

PARKER, J.   This appeal challenges the propriety of a non-
suit directed at the Mercer circuit. The plaintiff, an employe
of defendant corporation, when in a public street near to and
about to enter defendant's premises on his way to work just
before seven o'clock A. M., was injured by an explosion which
occurred on said premises. At the trial he was the first,
and, as it turned out, the only witness called, and these facts
appeared by his testimony. He gave no evidence as to the
cause of the explosion, but said he was stunned and rendered
unconscious, and on coming to saw nothing but steam (or
smoke) and dust. His counsel was then proceeding to ex-
amine on the character and extent of his injuries but was
interrupted by the court, who suggested further evidence on
the question of defendant's liability. Counsel responded:
"I take it that there is no opportunity for granting a nonsuit,
if I know the authorities, and I do not see why I should do

it." Plaintiff's counsel then stated that he proposed to prove that the defendant was engaged in the manufacture of rubber goods; that in its place of business it had a vulcanizer; that at the time in question this vulcanizer exploded, and that as a result of that explosion the plaintiff, while on the highway, was injured; adding, "that is as far as I intend to go, and that puts the burden on the other side, under the doctrine of *res ipsa loquitur."* Whereupon, after argument, the court directed a nonsuit.

There was no error in this ruling. We assume the condition most favorable to plaintiff, that at the moment of the explosion the relation of master and servant did not exist as between the plaintiff and defendant, and that defendant's duty to him was the same as to any passerby on the highway. Whether in such a case proof of the occurrence of this explosion, without more, would establish a *prima facie* case of negligence is not satisfactorily settled. Some of the cases discriminate between the duty of exercising ordinary care and that of exercising a high degree of care, recognizing a presumption of negligence in the latter case but not in the former. 36 *Cyc.* 1265. Others recognize it in the case of injury to a stranger but not if the injured party be a servant. 12 *Encycl. L. (2d ed.)* 503. It is laid down that the explosion of a steam boiler is not, *per se, prima facie* evidence of negligence. *Id.* 502. Such is the rule in New York. *Losee* v. *Buchanan,* 51 *N. Y.* 476; *Consulich* v. *Standard Oil Co.,* 122 *Id.* 119; *Reiss* v. *N. Y. Steam Co.,* 128 *Id.* 103. In Pennsylvania: *Spencer* v. *Campbell,* 9 *Watts & S.* 32; *Brunner* v. *Blaisdell,* 170 *Pa. St.* 25; *Earle* v. *Arbogast,* 180 *Id.* 409. (In *Baron* v. *Reading Iron Co.,* 202 *Id.* 274, the question was not presented.) In West Virginia: *Vieth* v. *Hope Salt, &c., Co.,* 51 *W. Va.* 96; 57 *L. R. A.* 410. In Illinois: *John Morris Co.* v. *Southworth,* 154 *Ill.* 126. To the contrary are the case of *Lykiardopoulo* v. *New Orleans, &c., Railroad Co.,* 127 *La.* 309; 22 *Am. & Eng. Ann. Cas.* 979, and cases cited in the note.

In our own state it was held in the Supreme Court that the owner of a steam boiler is not liable for its explosion in

the absence of negligence, and the New York case of *Losee* v. *Buchanan, supra,* was cited and relied on. In the later case of *Van Winkle* v. *American Steam Boiler Co., 23 Vroom* 240, the owner was held to a high degree of care, but the case was decided on demurrer and called for no ruling on the *quantum* of evidence. In *Bauman* v. *Cowdin,* 46 *Id.* 193; 47 *Id.* 575, plaintiff undertook to prove negligence in inspection or management.

We need not undertake to reconcile the conflicting authorities, or to judge between them, for the case falls plainly within the rule laid down in *Bahr* v. *Lombard, Ayres & Co., 24 Vroom* 233. The plaintiff, though at the time of the accident perhaps legally a stranger, was actually and for some months had been an employe of the company. It was evident, from this fact and from the colloquy between court and counsel, that plaintiff, or his counsel, which was the same thing, was in possession of material but undisclosed evidence as to the circumstances of the accident. He made no pretence of having submitted all the evidence that he had been able to obtain on this point, or that he had been unable to obtain any, but rested on the proposition that no matter what he knew or could show, the defendant on proof of the occurrence of the accident was bound to explain it away. The Bahr case is directly to the contrary, and under the ruling in that case, the present judgment must be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, GARRISON, SWAYZE, TRENCHARD, PARKER, VOORHEES, BOGERT, VREDENBURGH, WHITE, TERHUNE, HEPPENHEIMER, JJ. 12.

*For reversal*—MINTURN, KALISCH, JJ. 2.