PATTON v. PUBLIC SERVICE RY. CO.

(Circuit Court of Appeals, Third Circuit.  December 2, 1915.)

No. 1982.

1. DEATH ☞103—ACTIONS—SUFFICIENCY OF EVIDENCE.
    In an action for the death of a person whose body was found under the rear truck of a backing railroad car at a point near a station from which a well-worn path led along the right of way to a street, evidence *held* insufficient to make a question for the jury, in that it did not show how the accident happened, that the company was negligent, or that its negligence was the proximate cause of the death.

    [Ed. Note.—For other cases, see Death, Cent. Dig. § 141; Dec. Dig. ☞103.]

2. DEATH ☞58—ACTIONS—EVIDENCE.
    The maxim of res ipsa loquitur did not apply, as that maxim applies where the accident is such as necessarily to involve negligence, and does not relate to a situation susceptible of proof, but not capable of proof merely because of the absence of witnesses.

    [Ed. Note.—For other cases, see Death, Cent. Dig. §§ 75–78; Dec. Dig. ☞58.]

In Error to the District Court of the United States for the District of New Jersey; Thomas G. Haight, Judge.

Action by Helen Elizabeth Patton, as administratrix of Frank A. Patton, deceased, against the Public Service Railway Company. Judgment for defendant, and plaintiff brings error. Affirmed.

Samuel E. Darby, of New York City, for plaintiff in error.
Lefferts S. Hoffman, of Newark, N. J., for defendant in error.

Before BUFFINGTON, McPHERSON, and WOOLLEY, Circuit Judges.

WOOLLEY, Circuit Judge. This action was brought by the plaintiff to recover damages for the death of her husband, alleged to have been caused by the negligence of the defendant railway company. For want of proof of the negligence alleged, the court directed a judgment of nonsuit. The case is before us on writ of error. Of the errors assigned, the principal one is, that the court erred "in failing to submit the case to the jury to find the facts as to whether or not, from the evidence, or from reasonable inferences most favorable to the plaintiff to be drawn therefrom, negligence of defendant had been established."

[1] Palisade Junction is a station of the street railway system operated by the defendant corporation, at which two lines of double tracks

intersect, one line extending north and south and the other east and west. The waiting room of the station is south of the point of intersection. The platform in front of the waiting room serves the southbound track of the first-named line. From this platform to the platform serving the northbound track on the opposite side, the space is planked and is the way provided for passengers to pass from one side to the other to board cars going north or south. South of the wooden platform serving the northbound track and in part divided from it by an iron fence, is a level earthen space used for embarking and disembarking passengers in northbound traffic. From this space leads a well worn path along the defendant's right of way, used by passengers to shorten the distance in going to and from Marion Avenue and the station. Except where the tracks are planked, the girder rails are exposed in the ordinary manner of steam railroad tracks.

The plaintiff's husband was found dead under the rear truck of a car on the northbound track. The car had backed from a position north of the station toward a switch south of the station. The body was found at a point forty-three feet from the southernmost edge of the planking connecting the two platforms. The head lay in the direction of the front of the car. Wounds upon the body and the disarrangement of clothing suggested that the body had been dragged or pushed, but did not indicate the distance. The night was cold and the tracks were filled with snow and ice to the level of the rails.

A few minutes before the accident, a man stopped at the news stand in the station waiting room and inquired the distance to Marion Avenue. Being informed and having purchased a small bag of candy, he left. A moment later, the conductor of a car standing upon the northbound track gave the signal by bell to move the car back to the switch. The conductor remained upon the rear platform, and according to the testimony, was able to see a certain distance down the track, but saw no one. The car was lighted within and carried the customary forward and rear lights. The conductor felt a jolt, ordered the car stopped, and discovered the body of the plaintiff's husband beneath it. Impact with the body had thrown the truck off the track. In the decedent's pocket was found a small bag of candy. This is the only evidence tending to identify the man as the one who had made the inquiry at the station. There was also found in his pocket a letter written by his wife, requesting him to visit her, and indicating how he could reach her. He was instructed by the letter to take the line of the defendant running east and west, to alight at Palisade Junction, and thereafter to "walk along the track two blocks" to Marion Avenue.

The specific negligence charged to the defendant is, that its servants backed the car at a reckless speed, without giving sufficient warning, and failed to exercise the care which the law requires of a carrier toward a passenger.

The only evidence as to whether the decedent had been a passenger of the defendant railway company was his presence at the station, indicated by the purchase of a bag of candy at the station by a man (not identified to be the decedent) and by the bag of candy found in the

pocket of the decedent, and the evidence which related to the letter found upon him directing him over the defendant's line to that station. Assuming for the purpose of argument, as did the trial court, that this evidence is sufficient to prove that the plaintiff's husband was at one time a passenger, the next question is whether he was a passenger at the time he met his death upon the tracks and away from those parts of the defendant's premises reserved and provided for passengers. Dismissing this question, as likewise did the trial court, and with it all questions of law relating to the duty and the measure of care required of a carrier toward trespassers and licensees, we will direct our inquiry to the defendant's acts of negligence specifically charged by the plaintiff as the cause of her husband's death.

No one saw the accident and no one knows, as a matter of fact, how it happened. The plaintiff contends that from the circumstances of the accident, negligence of the defendant must be inferred, that is, had the defendant not been negligent, the accident would not have occurred. When or how the plaintiff's husband got upon the track between the two rails is not disclosed. Whether he heard the bell ordering the car to back or whether he saw the lighted car in time to avoid his peril, is not shown. Whether the car knocked him down, or whether he fell down and while in the forward position in which his body was found, was run over by the car, is a mystery. Whether the conductor upon the rear platform of the car could have seen the decedent or by the exercise of care should have seen him, is not proved, nor is it proven that in backing the car, under the circumstances, the conductor was engaged otherwise than in directing the car's movements and in the proper exercise of care for the safety of those upon the track. In fact it is not shown how the accident occurred. While it is certain that the plaintiff's husband was killed by the car, there is no evidence that his death was caused by negligence, or that the proximate cause of his death was the negligence of the defendant. The learned trial judge was entirely without error in withdrawing from the jury a case in which a verdict for the plaintiff could not have been sustained by the evidence.

The several rulings on the admission and rejection of testimony assigned as error were so manifestly proper, that we do not feel called upon to discuss them, especially in view of our conclusion that if they had been otherwise, the testimony admitted or rejected could not have supplied the deficiency of testimony as to the defendant's negligence, and therefore could not have affected the consideration upon which the case was withdrawn from the jury.

From the testimony may be gathered the atmosphere of the trial and may be found the policy upon which the trial was conducted. A very careful reading of the whole testimony discloses that in order that justice might be done with respect to facts which from their nature were obscure, the learned trial judge very liberally and properly resolved in favor of the plaintiff all controverted questions of evidence that may be said to have contained doubt and were seriously debatable.

There was controversy both in the testimony and argument as to the measure of duty which devolved upon the defendant toward the

decedent as a passenger, licensee or trespasser, but as this testimony was introduced and this discussion was predicated upon the assumption that there was proof of negligence of the defendant in some degree, it ceased to have a bearing upon the case in the absence of proof of negligence of the defendant in any degree.

[2] Recognizing the lack of testimony upon the element of negligence, the plaintiff urged that the case is one in which the maxim of res ipsa loquitur applies. This maxim does not relate to a situation susceptible of proof yet not capable of proof merely because of the absence of witnesses. It applies where the accident itself bespeaks negligence, that is, where the accident is such as necessarily to involve negligence, and for that reason further proof of negligence is not required. The circumstances connected with the death of the plaintiff's husband, in so far as they are disclosed, do not show that it was necessarily occasioned by the negligence of the defendant. It may have been occasioned by negligence of his own, or may have been the result of pure accident, in which no negligence was present. In this state of the evidence, it is clear that there was nothing from which the jury could properly have found that the death of the plaintiff's husband was due proximately to the negligence of the defendant. We are therefore of opinion that the plaintiff failed to show a cause of action, and that the trial court committed no error in withdrawing the case from the jury and directing a judgment of nonsuit. The judgment below is affirmed.

McPHERSON, Circuit Judge, took no part in the consideration and decision of this case.

---

⬅For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes