I. ROSS McCOMBE, ADMINISTRATOR, ETC., APPELLANT, v. PUBLIC SERVICE RAILWAY COMPANY, RESPONDENT.

Submitted July 5, 1920—Decided November 15, 1920.

1. The plaintiff's intestate was discovered about midnight, by the motorman of an approaching electric car, on the tracks of the defendant company, near the bridge over the Hackensack river on the Newark plank road in Jersey City, with one arm and leg cut off sharply. There was no eye witness to the accident. No one saw how it happened. *Held,* a nonsuit was not error.

2. The only presumptions of fact which the law recognizes are immediate inferences from the facts proved.
3. Negligence is a fact which must be proved.     It will not be presumed.
4. The plaintiff to succeed must show by evidence, not only such circumstances as would justify the inference of the defendant's negligence, but would exclude the idea that the accident was due to a cause with which the defendant was unconnected.

On appeal from the Hudson County Circuit Court.

For the appellant, *Alexander Simpson.*

For the respondent, *Lefferts S. Hoffman, Leonard J. Tynan* and *George H. Blake.*

The opinion of the court was delivered by

BLACK, J.    The suit in this case was brought to recover damages under the Death act.    The trial resulted in a non-suit of the plaintiff.    This ruling of the trial court is the basis of the appeal.    We think the ruling of the trial court was not error.    The judgment of the Hudson Circuit Court should be affirmed.    There was no eye witness to the accident.    No one saw how it happened.

No one knows in point of fact, what caused the death of Jeremiah L. Saunders, the plaintiff's intestate. · The defendant company operates an electric street railway along a public highway known as Newark plank road in Jersey City, where it crosses the Hackensack river bridge.    There are two tracks, one on either side of the bridge.    Automobiles use the centre of the bridge between the tracks.    On the night of November 7th, 1917, at or near midnight, the motorman of a car, as it approached the bridge some seventy or eighty feet from where the body of Saunders lay, saw a dark object on the track.    The motorman stopped the car about half a car's length from the dark object; getting off the car, he then discovered the dark object to be a man, Saunders, badly injured. The man lay on the south rail of the westbound track some two or three feet east of the draw.    The bridge was lighted.

The deceased had one of his arms below the elbow and one of his legs cut off sharply. The body was otherwise badly mangled. The next morning blood was discovered on the tracks at that point. There are sidewalks on both the north and south sides of the bridge. The cars at that point were run on a fifteen-minute headway. The motorman of the car which immediately preceded the car, the motorman of which discovered the body on the track, was a witness, but he could not throw any light on the accident; he testified that he stopped his car some fifteen or twenty feet before reaching the draw; he was looking in front of him and there was nobody on the track, when he started the car. The only jar he felt was when the car went from the main part of the bridge onto the draw.

In this situation, the trial judge was called upon to say, whether any facts had been established, from which negligence may be reasonably inferred. *Metropolitan Railway Co.* v. *Jackson, L. R., 3 App. Cas.* 193; *Newark Passenger Railway Co.* v. *Block,* 55 *N. J. L.* 605. A motion for a nonsuit admits the truth of the plaintiff's evidence and every inference of fact which can be legitimately drawn therefrom. *Jones* v. *Public Service Railway Co.,* 86 *Id.* 646. But the only presumptions of fact which the law recognizes are immediate inferences from the facts proved. *Price* v. *New York Central R. R. Co.,* 92 *Id.* 429. So, it has been said, mere theories and inferences do not authorize a verdict in a case of this nature, unless they are the only conclusions which can reasonably be drawn from the facts proven. Negligence is a fact which must be shown. It will not be presumed. There is always a presumption against negligence. 29 *Cyc.* 589; *Bien* v. *Unger,* 64 *N. J. L.* 596.

For the plaintiff to succeed it was incumbent upon him; in the absence of direct evidence, to show not only the existence of such possible responsibility, but the existence of such circumstances as would justify the inference that Saunder's death was caused by the wrongful act of the defendant, and which would exclude the idea that it was a cause with which the defendant was unconnected. *Subur-*

*ban Electric Co.* v. *Nugent,* 58 *N. J. L.* 658; *Austin* v. *Penna. R. R. Co.,* 82 *Id.* 416.

The complaint charged the defendant that it propelled against the decedent an electric car at great speed, without giving any signal of the approach thereof, without using reasonable care to keep a lookout for the decedent, without using reasonable care to illuminate the car and the road in front of the car.

We think the plaintiff failed to prove these facts, or any facts, from which the jury could infer negligence of the defendant. It would serve no useful purpose to multiply illustrations of these elementary principles. The reports are full of cases showing striking and apt illustrations.

The judgment of the Hudson Circuit Court is affirmed.

*For affirmance*—THE CHIEF JUSTICE, SWAYZE, TREN-CHARD, BERGEN, MINTURN, BLACK, KATZENBACH, WHITE, HEPPENHEIMER, TAYLOR, GARDNER, ACKERSON, JJ.  12.

*For reversal*—KALISCH, WILLIAMS, JJ.  2.