## SMITH v. PHILADELPHIA & R. RY. CO.

(Circuit Court of Appeals, Third Circuit. February 3, 1925.)

No. 3216.

Master and servant ⬅285(2)—Evidence of cause of freight conductor's death held insufficient for jury.

In action for death of freight conductor, last seen alive walking alongside freight cars, and found lying under car which had struck car along which he had been walking, evidence *held* insufficient for submission to jury of question of railroad's negligence; the cause of the accident being a matter of speculation.

In Error to the District Court of the United States for the District of New Jersey; William N. Runyon, Judge.

Action by Mabel P. Smith, as administratrix of William J. Smith, deceased, against the Philadelphia & Reading Railway Company. Judgment for defendant, and plaintiff brings error. Affirmed.

Frank F. Davis, of New York City, for plaintiff in error.

Katzenbach & Hunt, of Trenton, N. J., for defendant in error.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

BUFFINGTON, Circuit Judge. The question involved in this case is whether there was any evidence produced which tended to show negligence on the part of the defendant railroad. The court below held there was not, and instructed the jury to find for the defendant. This action is here assigned for error.

A study of the records clearly shows such instruction was right. The husband of the plaintiff was a freight train conductor. His train had entered a freight car classification yard, where it made a switching movement. In the course of his duty, the deceased had to go alongside of his freight cars, and compare their numbers with tickets he had in his possession in order to classify the cars and shunt them to their proper tracks. He was walking alongside two standing cars, which had no engine attached to them, when last seen alive by a car inspector, who passed him in going to a shanty where car repair parts were kept. After attending to his duties, the inspector turned to come out of the building, and in doing so faced a window. Hearing the sound ordinarily made in the yard by the impact of two cars, the inspector raised his eyes and saw a man—who subsequently proved to be the decedent—lying under the wheels of a car which had struck the cars alongside of which he had last seen the decedent. The striking car had neither engine nor other car attached to it. There was no evidence whatever how or for what purpose the decedent came to be on the track, what brought the striking car to the standing ones, or, indeed, any fact or circumstance showing how the accident happened. Such being the case, the court rightly told the jury, and it could do no otherwise:

"I cannot see in any of this evidence anything which would enable a jury to do more than speculate; that would enable a jury to fall back upon any proof as to what caused the accident. The whole evidence, so far as it has to do with the accident, seems to me to be rather as to a date, a time, subsequent to the accident; to be sure, immediately after the crash, but there is no evidence that I can see at all that a jury could consider as proving anything of negligence on the part of the officers, agents, or employees of the railroad. It impresses me as being one of those unfortunate, but inexplicable, happenings, which is not susceptible of proof, and in the absence of proof it seems to me that the plaintiff's action must fail."

The judgment below is affirmed.