## DOBBYN v. BOAT REPAIRING CORPORATION.

Circuit Court of Appeals, Third Circuit.
March 3, 1928.

No. 3681.

1. **Master and servant ⊂⇒96(1)—To render a respondent liable for death of employee, it must be shown that he was negligent and that such negligence was proximate cause of the death.**

To render an employer liable in admiralty for the death of an employee, it must be shown not only that he was negligent, but that his negligence was the proximate cause of the death.

2. **Master and servant ⊂⇒276(3)—Evidence held insufficient to show that death of employee was caused by fall from alleged defective gangplank.**

A boat-repairing company *held* not liable for death of an employee who fell in the water and was drowned, on the ground that the gangplank maintained between the wharf and a boat under repair was negligently constructed and unsafe, where no one saw deceased fall and there was no evidence that he fell from the gangplank.

Appeal from the District Court of the United States for the District of New Jersey; Wm. N. Runyon, Judge.

Suit in admiralty by Ann Dobbyn, administratrix ad pros. of Estate of Clifford Dobbyn, deceased, against the Boat Repairing Corporation. Decree for respondent, and libelant appeals. Affirmed.

Levitan, Levitan & Auerbach, of Jersey City, N. J. (Abraham Levitan, of Jersey City, N. J., of counsel), for appellant.

Collins & Corbin, of Jersey City, N. J. (Edward A. Markley, of Jersey City, N. J., of counsel), for appellee.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

DAVIS, Circuit Judge. On June 14, 1921, the boat Westfield was lying on the Hudson river at a wharf at Lafayette in the state of New Jersey. She had been used as a ferryboat to transport passengers and freight across the Hudson river between New Jersey and New York. She was being repaired, and Clifford Dobbyn, son of Oliver and Ann Dobbyn, was employed as a machinist's helper in repairing her. On the day in question, the boat was lying about 8 feet from the wharf, and the workmen passed to and from the boat by means of a gangplank or gangway, one end of which was on the boat and the other end on the wharf. While so engaged on that day, Clifford and his superior, James Murphy, left the boat and went up for some bolts to a machine shop on the wharf some 500 feet from the boat. The testimony is not clear as to whether or not they got any. They left the shop; Murphy going to a toilet 200 feet beyond the machine shop, and Dobbyn presumably to the boat. So far as the record discloses, he was never again seen alive after Murphy left him at the door of the machine shop. Eight or ten minutes later Murphy came out of the toilet, 700 feet away from the boat, and saw a man running for grappling irons, and heard him say, "There is somebody overboard." He went down to the boat and saw a hat, which was recognized as Dobbyn's. The body was found the following day.

This action was brought in admiralty against the Boat Repairing Corporation in personam to recover damages for his death by Oliver Christopher Dobbyn, father of Clifford Dobbyn, and Administrator of his Estate. The father later died, and Ann Dobbyn, his mother, was substituted as administratrix ad prosequendum of the estate of Clifford.

The libel charges that the death of Clifford was "due solely to the recklessness, carelessness, negligence, and default of the said Boat Repairing Corporation in that, instead of providing a proper gangway, placed some planks, the combined width of which was about 15 inches wide, insecurely fastened and in a dangerous manner, which became dislodged when used, thus failing to provide a proper foothold, and, as a result thereof, the same moved from their position, precipitated decedent into the waters below, causing his death."

Two questions arise: (1) Did the evidence show negligence on the part of the respondent in the maintenance of the gangplank? (2) If it did, was this negligence the proximate cause of his death?

Without reviewing the evidence in detail, we think that, if it had been shown that Clifford Dobbyn fell from the gangplank into the water on his way from the machine shop to the boat, as the libel charged, and was drowned, the evidence of negligence in the

maintenance of the gangplank was sufficient to require the submission of the question of negligence to the jury. But, assuming that the gangplank was carelessly and negligently maintained, the difficulty arises over what was the proximate cause of the accident. As above stated, the evidence does not affirmatively show that any one saw Clifford alive after he and Murphy separated at the door of the machine shop, though it is probable that some one did see him, otherwise a man would not have been running for grappling irons shouting, "There is somebody overboard," but the record is silent as to who that man was or where the deceased was when he fell overboard. When Murphy came down to the dock, he saw Clifford's hat in the water, but whether it was under or near the gangplank or at some other place is not stated. He might have fallen overboard from the gangplank, from some part of the wharf away from it, or he might have gone aboard the boat and fallen from it. Where he was when he fell overboard is a mere guess.

[1, 2] In order to recover, it must be shown that the respondent was not only negligent, but that its negligence was the proximate cause of the death. Patton v. Public Service Railway Co. (C. C. A. 3) 227 F. 810; Delaware & Hudson Co. v. Ketz (C. C. A. 3) 233 F. 31; Smith v. Philadelphia & Reading Railway Co. (C. C. A. 3) 3 F.(2d) 604; Price v. New York Central Railroad Co., 92 N. J. Law, 429, 105 A. 187; McCombe v. Public Service Railway Co., 95 N. J. Law, 187, 112 A. 255; Milwaukee & St. Paul Railway Co. v. Kellogg, 94 U. S. 469, 24 L. Ed. 256; Ætna Fire Insurance Co. v. Boon, 95 U. S. 117, 24 L. Ed. 395. What caused him to fall overboard and where he was when he fell has not been proved. Plaintiff has not proved, but presumes, that the deceased fell from the gangplank, but the only presumptions which the law recognizes are immediate inferences from the facts. To justify the presumption that the deceased fell from the gangplank, the plaintiff must establish such facts as would exclude the presumption that he fell from some other place. It is not enough for the plaintiff to show the possible responsibility of the defendant, but she must show such facts as exclude the inference that the death was due to some other cause for which the defendant was not responsible. Suburban Electric Co. v. Nugent, 58 N. J. Law, 658, 34 A. 1069, 32 L. R. A. 700; Austin v. Pennsylvania Railroad Co., 82 N. J. Law, 416, 81 A. 739.

This she has not done. It follows that the decree is affirmed.