EMILY CORBY, RESPONDENT, v. HARCOURT S. WARD, APPELLANT.

Submitted February 16, 1934—Decided April 12, 1934.

For the appellant, *Edward J. Gilhooly.*

For the respondent, *William A. Lord.*

The opinion of the court was delivered by

PARKER, J. As we read the brief submitted for appellant without oral argument, the point made or attempted to be made is that the trial court erred in allowing the jury to find a verdict for the full amount of plaintiff's claim and should have restricted the verdict, if any, to nominal damages for failure properly to prove actual damages. Plaintiff had bought a building lot for $7,300 from a third party through the agency of defendant, and as an inducement to plaintiff to take the lot and pay the money, defendant gave plaintiff a writing whereby he agreed to "refund" the money

at the end of two years if plaintiff should then be dissatisfied with the bargain.

The paper is dated September 12th, 1928, and the evidence indicated that it was signed and delivered contemporaneously with plaintiff's contract of purchase, and was a part of the transaction. It reads as follows:

"This is to certify that, if at the expiration of two years (no buildings having been erected) Mrs. Emily Corby does not desire to further retain lots No. 47 and No. 48, S. S. Block No. 17, I will refund to her the full purchase price with 6% interest, excepting all encumbrances, liens, judgments, search fees and legal expenses. (Signed) H. S. WARD."

The qualifying phrases need not be considered, as no dispute exists on that score. It will be observed that in legal effect the instrument is a "seller's option" in favor of the plaintiff, entitling her to require the defendant to take over the property at what she paid for it, if at the end of two years she should be dissatisfied. Plaintiff was dissatisfied, and at the end of the two years tendered a deed to the defendant and asked for the $7,300, and the same not being paid, brought suit to recover it. Defendant claimed a modification of the contract, but that claim broke down and does not seem to be argued. In a charge to which no exception was taken, the jury were instructed that if they found the agreement to "refund" was contemporaneous with the purchase, the plaintiff, who had concededly tendered the deed to defendant, was entitled to recover the $7,300 with interest.

It is now argued that this instruction was erroneous, and that the plaintiff should have shown what the land was reasonably worth at the time, and if that was less than what she paid, should have recovered only the difference; failing which proof, the land would be presumed worth what she paid for it and only nominal damages would be recoverable.

Counsel for appellant were not concerned in the trial below; and they frankly admit that the trial counsel "made no request of the learned trial judge for any particular directions, nor was any exception taken to the charge of the court, nor was any application made * * * for a

rule to show cause." We may add that not only was there no exception to the charge, and no request to charge the rule now urged, or indeed any request whatever, but we find no exception at any stage of the case except to the striking out of an alleged letter by defendant to plaintiff, which exception is not covered by any ground of appeal nor argued here.

Not only this, but not one of the four grounds of appeal speaks of any ruling by the trial court. They are as follows:

"1. That there was no evidence before the court to sustain the verdict rendered by the jury in the above entitled cause.

"2. That there was no evidence before the trial court to sustain the judgment entered in the New Jersey Supreme Court.

"3. There was no evidence in the entire case to sustain the charge of the learned trial judge to the jury.

"4. That the proofs submitted by the plaintiff at the trial of said action in the New Jersey Supreme Court warranted a verdict for nominal damages, or six cents, and not for the sum of nine thousand two hundred eight dollars and ninety-five cents ($9,208.95), the judgment entered in said court."

So far as concerns the argument in the brief that this court should consider alleged errors first raised on that brief, or implicit in the four statements of mixed law and fact contained in the grounds of appeal, it will suffice to say that we have here no question of jurisdiction or public policy as adverted to in *McMichael* v. *Horay,* 90 *N. J. L.* 142, cited for appellant, or of discretionary action with regard to a verdict on rule to show cause. It is a case of private parties litigating with the aid of duly accredited counsel, whose duty and responsibility are to raise the points deemed material to a client's interest, argue them before the trial court, except to an adverse ruling deemed to be erroneous, and raise that ruling on appeal by assigning it for error as a ruling. To this, the trial court and the opposite party are both entitled. *Kargman* v. *Carlo,* 85 *N. J. L.* 632 (at *pp.* 635, 636 and 638). It is safe to say that not a term of this court passes without our being called upon

to repeat these fundamental requirements of appellate procedure. See such cases as *Booth* v. *Keegan,* 108 *Id.* 538; *Manlove* v. *Harper,* 109 *Id.* 18. A number of decisions are cited in *Greenblatt Coal Co.* v. *Jacobs,* 12 *N. J. Mis. R.* 175.

A discussion of the general merits may well be omitted as academic, in view of the absence of any error properly brought before us; but we are not to be taken as assenting to the proposition that a vendor of real estate by valid contract repudiated by the vendee is confined at law to a damage suit based on resale at a loss, or on allowing the value of the property against the purchase price. On the contrary, our cases from an early date seem to recognize the rule that the seller may tender a deed (as was done in this case) and then sue for the purchase price as a debt. *Johnson* v. *Applegate,* 1 *N. J. L.* 233; *Ackley* v. *Richman,* 10 *Id.* 304; *Egbert* ads. *Chew,* 14 *Id.* 446, 450; *Shinn* v. *Roberts,* 20 *Id.* 435, 444. The point stressed in all these cases is the duty of tender as a basis for suit in debt, but the right of recovery after tender goes without saying in each case. Of course, the tender must be kept good. See *Meisel* v. *Merchants National Bank,* 85 *Id.* 253. In other words, defendant when paying the judgment is entitled to the deed. The claim here made, that plaintiff is allowed to eat her cake and have it too, is without foundation.

The judgment will be affirmed.

*For reversal*—None.