HENRY HOCHREUTENER, PLAINTIFF-APPELLANT, v. JOHN PFENNINGER AND FRIEDA PFENNINGER, DEFEND-ANTS-RESPONDENTS.

Submitted May 25, 1934—Decided September 27, 1934.

318

─────

For the appellant, *George Rothstein.*

For the respondents, *Cox & Walburg.*

The opinion of the court was delivered by

HETFIELD, J. This case was tried in the Supreme Court, Hudson Circuit, and resulted in the jury rendering a verdict in favor of the defendants. Judgment was entered, and this appeal taken. Suit was instituted to recover damages for personal injuries received by the plaintiff, which, it is alleged, were caused by the defendants' negligence. It appears that the plaintiff, pursuant to an arrangement made with the defendants, accompanied them on an auto trip which was to cover a period of four or five days. The plaintiff agreed to pay one-half of the cost of all gasoline consumed during the trip. The car was owned by John Pfenninger, but at the time of the accident, which occurred on May 3d, 1932, the first day of the trip, was being operated by his wife, the other defendant. The car was proceeding along a two-lane concrete road, known as Baltimore pike, near Kennett Square, Pennsylvania, at a speed between thirty and thirty-five miles an hour, when the driver attempted to pass a gravel truck being driven in the same direction. She sounded the horn as the car approached the truck, but the operator paid no attention to the signal by turning to his right, which would have permitted more space for the defendant's auto to pass, and she was compelled to drive off the concrete, on to the dirt or sand shoulders of the road, which were soft, and caused the wheels of the car to sink into the shoulders to such an extent that the defendant lost control, and the car ran across a small ditch, into a fence.

It is argued that the court erred in refusing to instruct the

jury that the facts as presented raised a presumption of negligence, and by reason thereof, the maxim *res ipsa loquitur* was applicable. We think the refusal was proper. All of the facts and circumstances attending the injuries appeared in the evidence, and were practically undisputed. The doctrine of *res ipsa loquitur* is applicable only when the proof warrants a finding that the plaintiff has made out a *prima facie* case, without any direct proof of actionable negligence (*Bien* v. *Unger,* 64 *N. J. L.* 596); but, where all the facts and circumstances under which the accident occurred are disclosed by the evidence, and the question presented is whether, under the proof submitted, the conduct of the defendant was negligent, which is the present situation, there is nothing left to inference, and the rules *res ipsa loquitur* has no application. *Dentz* v. *Pennsylvania Railroad Co.,* 75 *Id.* 893; *Gibson* v. *International Trust Co.,* 177 *Mass.* 100; 58 *N. E. Rep.* 278. It should only be invoked where the proof of negligence is furnished by the occurrence itself. The mere fact that the defendant drove the car off the concrete, did not require a finding of negligence, as such action may have been amply justified by the surrounding circumstances, and the trial court properly allowed the jury to pass upon that question.

The next ground of appeal argued, is that the trial judge refused to charge with respect to the liability of the defendants, if they were engaged with the plaintiff in a common enterprise. We find nothing in the pleadings or proof to warrant any such instruction, as the defendants did not at any time attempt to advance such a relation as a defense. The court did charge as follows:

"However, gentlemen, there is nothing in this case to show that this plaintiff had any control over the management or operation of this automobile and, therefore, if this defendant driver was negligent that negligence could not be attributable to him if he himself was free from any contributory negligence so far as his own conduct was concerned, and I have just told you that there is no such evidence in this case, and the defendants do not insist that he was so far as his own conduct was concerned guilty of any contributory negligence.

"So if you find in this case that this defendant driver was negligent and that such negligence was a proximate cause of this accident, then you would render a verdict in favor of the plaintiff and against both of these defendants."

This instruction was more favorable to the plaintiff than the one requested; and the trial judge, when stating the legal rule called for, is not required to adopt either the form, or the words, or the collocation of phrases, in which the request to charge is framed. *Pavan* v. *Worthen & Aldrich Co.,* 80 *N. J. L.* 567; affirmed, 82 *Id.* 615.

The next point relied upon for reversal, is that "the verdict of the jury is contrary to the evidence, there being no evidence upon which said verdict may be predicated." This reason is without merit, and presents no error in law for review. It is firmly settled by the courts in this state, that if there is any testimony tending to support the finding of the court, such finding may not properly be disturbed. There was sufficient evidence to support the theory that the proximate cause of the accident was the conduct of the driver of the truck, or the dangerous condition of the road adjoining the concrete, over which the defendants had no control, and also that the plaintiff was merely a licensee and not an invitee. This court, in the case of *Klein* v. *Shryer,* 106 *N. J. L.* 432, where it was contended there was no legal evidence to support the judgment, held, that such a ground points to no judicial action to be reviewed.

The judgment under review will be affirmed.

*For affirmance*—The Chancellor, Chief Justice, Trenchard, Parker, Lloyd, Case, Bodine, Donges, Heher, Perskie, Van Buskirk, Kays, Hetfield, Dear, Wells, JJ. 15.

*For reversal*—None.