GEORGE G. SPILL, PLAINTIFF-RESPONDENT, v. SUSIE STOECKERT AND SUSIE KINNER, DEFENDANTS-APPELLANTS.

Submitted May 31, 1940—Decided October 10, 1940.

For the plaintiff-respondent, *Breslin & Breslin*.

For the defendants-appellants, *Charles Schmidt* (*Rupert F. Howlett*, of counsel).

The opinion of the court was delivered by

WELLS, J. This is an appeal from a judgment of the Supreme Court, Bergen Circuit, entered upon the verdict of a jury in favor of the plaintiff-respondent and against the defendants-appellants, in a suit for damages sustained by plaintiff arising out of an automobile accident.

The grounds of defendants' appeal are: (1) Error on the part of the trial court in refusing to nonsuit; (2) Error in refusing to direct a verdict in favor of defendants and (3) that the verdict was against the weight of evidence. The last ground is, of course, untenable and raises no question for our

determination. *Corby* v. *Ward,* 112 *N. J. L.* 489; 171 *Atl. Rep.* 813. The basis for the motions for nonsuit and direction of a verdict was that there was no proof, by inference or otherwise, of any negligence on the part of the driver of the automobile. The controversy at the trial was whether the driver was negligent in the operation of the automobile.

At the conclusion of plaintiff's case there had been presented testimony to the effect that at the time of the accident, plaintiff was an invited passenger riding in an automobile owned by the defendant Susie Stoeckert. The automobile, operated by the defendant Susie Kinner, a relative and agent of the defendant owner, was proceeding southerly on a New York state highway, known as Route No. 303, when it suddenly left the highway and overturned.

The accident occurred in mid-afternoon when the weather was bright and clear; the two-lane concrete roadway at the point of the accident was straight and free of traffic. Just before the accident, the plaintiff, who had nothing whatever to do with the driving of the car, was sitting on the rear seat between his wife and the defendant owner of the car, and he was looking at the scenery and not paying any attention to the operation of the car and couldn't say how fast it was traveling, although he didn't think it was going very fast, and, so far as he knew, the driver was looking ahead and paying attention to her driving; he couldn't swear whether the driver was talking to anybody before the accident.

When asked to state what happened, plaintiff said that they were coming along this highway and "the first thing I knew I heard a grinding noise, like on ashes or sand or something, and that is about all I did know until we overturned." He further testified that before the accident they were on the concrete pavement but before the car overturned they went off on the cinder road and after the accident he was lying down on the back seat, his wife was lying on top of him, until they were pulled out of the door of the overturned car, and he was taken immediately to a hospital.

In refusing to grant defendants' motion to nonsuit, the trial court held that the facts brought the case clearly within the rule of *res ipsa loquitur* laid down in the case of *Smith*

v. *Kirby,* 115 *N. J. L.* 225; 178 *Atl. Rep.* 739 (where an automobile ran off the highway and struck a tree) and called upon the defendants for an explanation.

In this we think the trial court was right.

In *Smith* v. *Kirby, supra,* the facts were much like those of the instant case. Mr. Justice Lloyd, who delivered the opinion for this court, said:

"We think that the fact that the car, the speed of which was from twenty-five to thirty miles an hour, left the highway and struck a tree on the side of the road, unexplained, called for the application of the doctrine of *res ipsa loquitur,* the classic definition of which is that, 'where the thing is shown to be under the management of the defendant or his servants, and the accident is such as in the ordinary course of things does not happen if those who have the management use proper care, it affords reasonable evidence, in the absence of explanation by the defendant, that the accident arose from want of care.' 1 *Thomp. Negl.,* § 15."

So in the present case, the automobile was in the exclusive control of the defendants. Its place of operation was on the highway and certain it is that ordinarily, when proper care is exercised an automobile does not pass, even at what appellants designate "slow speed" (twenty-five miles per hour) from this sphere of safe operation to the dangerous sides of the road, where as here the shoulders were soft.

The appellants in their brief rely upon the case of *Glicken* v. *Bergman,* 117 *N. J. L.* 306; 187 *Atl. Rep.* 535, contending that the facts in that case are similar to those in the instant case.

In the Glicken case the automobile of the defendant was being driven on a public highway when it went over a bump in the highway and the brakes were suddenly applied and the plaintiff, an invitee, was injured. This court held that the evidence of defendant's negligence was insufficient for the jury under the doctrine of *res ipsa loquitur,* where it was reasonably within the opportunity of plaintiff to determine what "the bump" over which the car passed actually was and to offer proof as to defendant's negligence; that it is when such opportunity is not available to the plaintiff that the

doctrine applies. In the instant case, at the time the plaintiff was injured, the automobile of the defendant had left the highway and overturned. The position of the plaintiff in the automobile afforded him no opportunity prior to the accident of determining the cause thereof and his physical condition afterward made such an opportunity unavailable to him. For seven days after the accident he was confined to a hospital; for seven months he was incased in a cast and for one and a half years incapacitated. The Glicken case is clearly distinguishable from the instant case.

There is no question here of the plaintiff's having held back any material evidence at his command as in *Bahr* v. *Lombard, Ayres & Co.,* 53 *N. J. L.* 233; 42 *Atl. Rep.* 730, or *Levendusky* v. *Empire Rubber Co.,* 84 *N. J. L.* 698; 87 *Atl. Rep.* 338.

At the conclusion of the plaintiff's case all the facts and circumstances under which the accident occurred were not disclosed by the evidence but the proof warranted the finding that the plaintiff had made out a *prima facie* case, without any direct proof of negligence, and in such a situation the doctrine of *res ipsa loquitur* is applicable. *Hochrentener* v. *Pfenninger et ux.,* 113 *N. J. L.* 317; 174 *Atl. Rep.* 513.

We therefore find no error on the part of the court in refusing to nonsuit.

The defendants, on their part, offered testimony but frankly admit in their brief that there is an absolute lack of explanation as to what caused the automobile to turn over.

The trial court, in refusing to direct a verdict, held that it was for the jury to determine whether the defendants had explained the cause of the accident.

This court held in *Higgins et al.* v. *Goerke Kirch Co.,* 92 *N. J. L.* 424; 106 *Atl. Rep.* 394, that when the doctrine of *res ipsa loquitur* is invoked, the question of negligence is still one for the jury.

On their brief defendants cite from well known cases well known principles of law, such as—proof of the occurrence of an accident does not raise the presumption of negligence. *Bahr* v. *Lombard, Ayres & Co., supra; Cleary* v. *City of Camden,* 118 *N. J. L.* 215; *affirmed,* 119 *Id.* 387; negligence

is a fact which must be proved and will never be presumed; on the contrary there exists a presumption against negligence. *McCombe* v. *Public Service Railway Co.*, 95 *Id.* 187 (at *p.* 189); *Bien* v. *Unger*, 64 *Id.* 596; to have a case submitted to a jury it is encumbent to prove some fact which is more consistent with negligence than with the absence of it. *Alvino* v. *Public Service*, 97 *Id.* 526; that the plaintiff must prove circumstances which render it probable and not merely possible that the defendant is at fault. *Austin* v. *Pennsylvania Railroad Co.*, 82 *Id.* 416; 81 *Atl. Rep.* 739.

From these and other cases cited appellants contend that in the case at bar there was nothing for the jury to consider; that there was no inference of negligence and that therefore the trial court erred in applying the doctrine of *res ipsa loquitur*.

With this we do not agree.

The purport of the maxim of *res ipsa loquitur* was fully and comprehensively reviewed by Mr. Justice Swayze in *Hughes* v. *Atlantic City and Shore Railroad Co.*, 85 *N. J. L.* 212; 89 *Atl. Rep.* 769; *L. R. A.* 1916 *A.*, 927, and by Mr. Justice Garrison, in *Niebel* v. *Winslow*, 88 *N. J. L.* 191, and also by Mr. Justice Kalisch in *Conover* v. *Delaware, Lackawanna and Western Railroad Co.*, 92 *N. J. L.* 602.

It would serve no useful purpose to further discuss the subject. The books are full of cases illustrating and discussing the doctrine.

Furthermore, even if the doctrine of *res ipsa loquitur* were not applicable in this case, we are of the opinion that there was sufficient evidence from which the jury could infer negligence.

The recital of a few facts adduced by defendants will suffice. The driver of the car, who had been driving only about four months, testified that she was gliding along nicely about twenty-twenty-five miles in open country on a new concrete road with soft shoulders and that she hadn't any idea why the car suddenly went into the soft shoulder and turned over; she didn't know whether the car turned over once or twice; she heard the glass breaking and went over. There was testimony indicating that the car might have

traveled considerable distance on the shoulder before it turned over. From this the jury might infer speed greater than defendant driver testified to. When she found herself in the soft part of the road she felt something wrong and tried to apply her brakes and went over; the car in all its parts was mechanically perfect.

The driving off the concrete road, together with the sudden application of brakes, when on the soft shoulder and the manner in which the wheel was turned while on the soft part of the road and the sudden swerving back of the automobile, all constitute evidence from which the jury could find negligence.

We think, as stated before, that the testimony of the plaintiff made out a *prima facie* case for the jury, and that on the whole case it remained for the jury to say whether such *prima facie* case was met by the evidence for defendants, the burden of proof, as charged by the trial court, remaining throughout on the plaintiff.

We are therefore of the opinion that the court properly denied the motions for nonsuit and direction of verdict for defendants. The judgment is affirmed.

*For affirmance*—The CHANCELLOR, CHIEF JUSTICE, PARKER, CASE, BODINE, DONGES, HEHER, PERSKIE, PORTER, DEAR, WELLS, WOLFSKEIL, RAFFERTY, HAGUE, JJ. 14.

*For reversal*—None.