BEATRICE JOURNEY, ADMINISTRATRIX AD PROSEQUEN-DUM OF THE ESTATE OF EDWARD WIERBICKI, DE-CEASED, PLAINTIFF-APPELLEE, v. DANIEL ZAWISH, DEFENDANT-APPELLANT.

Submitted January 27, 1933—Decided June 21, 1933.

Before Justices BODINE and DONGES.

For the defendant-appellant, *Holmwood & Creighton* (*William E. Holmwood*).

For the plaintiff-appellee, *Kessler & Kessler* (*Samuel I. Kessler*).

PER CURIAM.

The sole ground of appeal in this case is that the court erred in charging the plaintiff's request respecting the doctrine of *res ipsa loquitur.* It is conceded that the request was flawless as a statement of law, but it is said that the doctrine was inapplicable to the facts proved and, therefore, the defendant was prejudiced.

The plaintiff's intestate, with the defendant and another friend, had been to a rabbit dinner. On their return, the defendant's car, in which the three young men were riding, was wrecked and the plaintiff's intestate killed. The plaintiff's proofs indicated that the defendant once said he had lost consciousness and control of the wheel. Of course, as a witness, he testified he was struck by another motorist and had never made the admission testified to. The issue of negligence was obviously for the jury. The circumstance that plaintiff's intestate was riding with the defendant, when the defendant's car overturned might result in a presumption of negligent operation. *Mackenzie* v. *Oakley,* 94 *N. J. L.* 66.

The trial court properly charged that the burden of proof never shifted and that the plaintiff must establish his case by the fair preponderance of evidence. Obviously there was no prejudicial error in charging the doctrine of *res ipsa loquitur*. The charge, as a whole, was a well balanced exposition of the law.

The judgment will be affirmed, with costs.