CHARLES D. SMITH, ADMINISTRATOR AD PROSEQUENDUM OF THE ESTATE OF MARY ELIZABETH SMITH, DECEASED, RESPONDENT, v. JAMES T. KIRBY, APPELLANT.

Argued February 11, 1935—Decided May 17, 1935.

For the appellant, *Joseph C. Paul (James D. Carton, Jr.,* of counsel).

For the respondent, *Quinn, Parsons & Doremus (Theodore D. Parsons* and *Theodore J. Labrecque,* of counsel).

The opinion of the court was delivered by

LLOYD, J. The case is here a second time and after a third trial on proofs varying but slightly from those presented in the earlier appeal, when judgment for the defendant entered on a verdict directed in his favor was reversed on the ground that such direction was error.

At the present trial motions for nonsuit and for direction of a verdict in favor of the defendant were denied and these rulings are the basis of the present appeal.

The grounds for the motions were that there was no proof of agency and that there was no proof of negligence in the operator of the automobile involved in the accident out of which the action arose.

The evidence, differing but slightly from that on the former appeal, shows that the car was owned by the defendant and operated at the time by his brother, Malcolm. The controversy at the trial was whether Elizabeth Smith, an occupant of the car at the time, and who was killed in the accident which occurred, was in the car at the invitation of the defendant, and whether the driver was negligent in its operation.

We think there was evidence to sustain plaintiff's contention on both points. The testimony which the jury could accept was to the effect that Malcolm, the driver, was directed by the defendant to take their grandmother (the lady whose death is the basis of the action) out to see some forest fires, and that in doing so the car ran off the road, colliding with a tree and killing Mrs. Smith.

We think the fact that the car, the speed of which was from twenty-five to thirty miles an hour, left the highway and struck a tree on the side of the road, unexplained, called for the application of the doctrine of *res ipsa loquitur,* the classic definition of which is that, "where the thing is shown to be under the management of the defendant or his servants, and the accident is such as in the ordinary course of things does not happen if those who have the management use proper care, it affords reasonable evidence, in the absence of explanation by the defendant, that the accident arose from want of care." 1 *Thomp. Negl.,* § 15.

The doctrine as aptly applying to the present case is illustrated in the case of *Sheridan* v. *Foley*, 58 *N. J. L.* 230, where a brick falling from a scaffolding into the street was held to justify an inference that, unexplained, proper care by those handling the bricks had not been used to prevent the mishap which befell.

So in the present case. The automobile was in the exclusive control of its driver. Its place of operation was on the highway, and certain it is that ordinarily, when proper care is exercised it does not pass at high speed from this sphere of safe operation to the dangerous sides of the road. There would appear to be no difference in principle from a brick falling from a scaffold into the body of the street and an automobile leaving the highway and plunging into a tree at the side.

There was, however, other evidence bearing on the negligence of the defendant's servant. It appeared that at the time the car left the road Malcolm was driving with one hand, brushing popcorn off the seat beside him with the other, and dividing his attention between the car and the popcorn, hardly the measure of care to be expected of one directing the movement of an automobile on the public highway.

The testimony, while contradictory in some of its phases, presented questions for the determination of the jury and the judge properly denied the motions for nonsuit and direction.

The judgment is affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, PARKER, LLOYD, CASE, BODINE, DONGES, HEHER, PERSKIE, VAN BUSKIRK, KAYS, HETFIELD, DEAR, WELLS, JJ. 14.

*For reversal*—None.