The plaintiffs were employees of the United States Government at the Picatinny Arsenal near Dover, working from 4 P.M. to midnight. They all resided in Newark and commuted to and from work by bus. The night of February 27, 1943, the plaintiffs, with other Arsenal employees, started for Newark in a bus operated by the defendant company. When they had gone only a few miles and were still 20 or 25 miles from Newark, a rear wheel fell off the bus, so that it could proceed no farther. This occurred in the open country, not near any house, and at about 1 A.M., in a night that was bitterly cold. The bus driver seems to have made his way down the road to some place where he was able to communicate by telephone with the manager of the bus line. He was told that another bus would be sent to pick up the passengers. However, no more is heard of the relief bus; the defendant did not attempt to prove that it ever left the garage. After the telephone conversation, the driver returned to the broken down bus, where all the passengers were waiting. He started the motor in the effort to provide a little heat. After a while, — probably between 2 and 2:30 A.M., — a Government bus, operated by a civilian employee of the War Department, arrived at the scene of the breakdown. Someone had appealed to the Arsenal for aid, — just who did so is not clear. Perhaps some of the passengers (other than the plaintiffs) or the bus operator, or someone at the garage of the defendant company in Newark. At any rate, the defendant's bus driver and all the passengers entered the Government bus and started again for Newark. But, on the way, in Montclair the bus suddenly left the roadway, mounted the curb and crashed into a wall. In this accident, the plaintiffs received serious injuries, on account of which they brought this action. The jury returned a verdict in their favor and the defendant appeals from the judgment. *Page 202 
The defendant vigorously denies that it was the operator of the first bus, the one in which plaintiffs left the Arsenal. But the jury found otherwise upon ample evidence.
The defendant also objects to a portion of the charge. The court informed the jury that they might consider whether the accident — the one that occurred in Montclair — was such as, in the ordinary course of events, does not happen or may be prevented if the chauffeur uses proper care. The court further charged that if the jury were satisfied by the proofs that such was the character of the accident, they might infer negligence unless the defendant had proved that due care was exercised. Defendant correctly states that the rule of res ipsa loquitur does not apply where the plaintiff proves the cause of the accident. But the happening now under consideration is unexplained. Did the steering gear break, or the bus skid, or the driver fail to observe a curve in the road, or what did happen that caused the bus to crash into the wall? Since the proofs give no answer, the charge in this respect was proper. MacKenzie v.Oakley, 94 N.J.L. 66 (Sup.Ct. 1919).
The principal question is whether the defendant is liable for the injuries suffered by plaintiffs, although it was not the operator of the second bus and the driver thereof was not its employee.
The defendant was a common carrier of passengers, operating a bus line under the regulation of the Public Utility Commission.R.S. 48:4-1 et seq. The law is settled that if such a carrier engages a third party to perform wholly or in part its obligation to transport its passengers to their destination, it becomes liable for any injury caused them by the negligence of the third party or his servants. Barrow S.S. Co. v. Kane, 88 F. 197 (C.C.A. 2nd, 1898); Frank Marts Coach Co. v. Hudson Bus etc.Co., 23 N.J. Misc. 342 (Ackerson, J. 1945). But the rule as so stated may not apply in the present instance, because the proofs do not show that defendant or anyone empowered to act for it, procured the Army bus to take plaintiffs on to Newark, — or at least defendant so interprets the proofs. *Page 203 
The liability of defendant springs from the high degree of care which it owes its passengers and from its obligation to carry them safely to the destination which had been agreed upon.Pennsylvania Co. v. Roy, 102 U.S. 451, 26 L.Ed. 141;Dwinelle v. N.Y.C. H.R. Co., 120 N.Y. 117, 24 N.E. 319. It cannot avoid responsibility either by contracting with a third party or by failing to act in an emergency such as arose in this case. The defendant is equally liable, whether it procured the Army to rescue the plaintiffs, or whether, upon learning that its bus was disabled on the highway, it left the plaintiffs to freeze and took no effective measures for their help. Of course, if defendant had provided a relief bus or arranged other suitable means for carrying the plaintiffs to Newark, the plaintiffs could not have rejected these means in favor of the Army bus, and still hold the defendant liable. But defendant failed to act and plaintiffs, having waited an hour or an hour and a half in the broken down bus, properly accepted the Army's help. We are satisfied defendant is answerable for the negligence of the driver of the Army conveyance.
Judgment affirmed.