11 N.J. Super. 46 (1950)
77 A.2d 810
ANTONIO PISCITELLI, PLAINTIFF-APPELLANT,
v.
PENNSYLVANIA-READING SEASHORE LINES, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued November 13, 1950.
Decided December 20, 1950.
*47 Before Judges McGEEHAN, JAYNE and WM. J. BRENNAN, JR.
Mr. Edward V. Martino argued the cause for plaintiff-appellant.
Mr. Blaine E. Capehart argued the cause for defendant-respondent (Messrs. Richards, Capehart, Smith & Wood, attorneys).
The opinion of the court was delivered by McGEEHAN, S.J.A.D.
Judgment dismissing the complaint was entered in the Chancery Division of the Superior Court on the ground that it was without jurisdiction to adjudicate the issues.
In his complaint the plaintiff alleged that while holding a permanent position as a highway crossing watchman he was discharged by the defendant in violation of seniority rights to which he was entitled under an agreement then in effect. This agreement was a collective bargaining agreement between the defendant company and the union, Pennsylvania Federation of the Brotherhood of Maintenance of Way Employees. He sought reinstatement with back pay, restoration of seniority rights which he alleged were secured to him by this collective bargaining agreement, and restoration of retirement and pension rights. The issues as fixed by the pretrial order were (1) whether he held a permanent position, (2) if he held a permanent position, whether his seniority rights under *48 the collective bargaining agreement were violated, and (3) whether the court had jurisdiction to interpret and apply the provisions of the collective bargaining agreement.
We agree with the court below that the jurisdiction of the National Railway Adjustment Board, under the Railway Labor Act (45 U.S.C.A., § 151, et seq.), to adjust grievances and disputes of the type here involved is exclusive. Slocum v. Delaware, L. & W.R. Co., 339 U.S. 239, 94 L.Ed. 795 (April 10, 1950), and Order of R.C. of A. v. Southern R. Co., 339 U.S. 255, 94 L.Ed. 811 (April 10, 1950).
The Slocum case involved a suit by a railroad company against two unions in a state court seeking a declaratory judgment interpreting the bargaining agreements and declaring which agreement covered the jobs in controversy. The Order of R.C. of A. case involved a suit by a railroad company against a union in a state court seeking a declaratory judgment interpreting the bargaining agreement and declaring that the agreement did not require the claimed extra pay. In both cases the United States Supreme Court held that the jurisdiction of the National Railway Adjustment Board to adjust grievances and disputes of the type involved is exclusive, and that state courts were without power to interpret the terms of such bargaining agreements and adjudicate the disputes. However, in the Slocum case the court, in speaking of the Railway Labor Act, went further and said: "The Act thus represents a considered effort on the part of Congress to provide effective and desirable administrative remedies for adjustment of railroad-employee disputes growing out of the interpretation of existing agreements." After a discussion of its opinion in Order of R. Conductors v. Pitney, 326 U.S. 561, 90 L.Ed. 318, it continued: "This reasoning equally supports a denial of power in any court  state as well as federal  to invade the jurisdiction conferred on the Adjustment Board by the Railway Labor Act." It then proceeded to distinguish its holding in Moore v. Illinois Central R. Co., 312 U.S. 630, 85 L.Ed. 1089 (1941), as follows: "Moore was discharged by the railroad. He could have challenged *49 the validity of his discharge before the Board, seeking reinstatement and back pay. Instead he chose to accept the railroad's action in discharging him as final, thereby ceasing to be an employee, and brought suit claiming damages for breach of contract. As we there held, the Railway Labor Act does not bar courts from adjudicating such cases. A common-law or statutory action for wrongful discharge differs from any remedy which the Board has power to provide, and does not involve questions of future relations between the railroad and its other employees."
Relying on the decisions of the United States Supreme Court in the Slocum and Order of R.C. of A. cases, the United States District Court of the Northern District of Ohio, in Kendall v. Pennsylvania R. Co., 94 F. Supp. 875, (August 7, 1950), held that it had no jurisdiction to entertain a suit by a discharged railroad employee seeking reinstatement and damages for his discharge on the ground that his seniority rights under the bargaining agreement were violated; and the New York Supreme Court (Special Term), in a similar case, Haggquist v. Hudson & Manhattan R.R., 27 L.R.R.M. 2002 (October 24, 1950), reached the same result.
To support his claim that the court below erred, plaintiff relies on Moore v. Illinois Central R. Co., above; Schlenk v. Lehigh Valley Railroad Co., 1 N.J. 131 (December 6, 1948), and Coyle v. Erie Railroad Company, 1 N.J. 350 (January 24, 1949).
In the Moore case, the United States Supreme Court held that the lower court had jurisdiction of an action at law by a discharged employee of a railroad company in which he sought damages for his wrongful discharge. In answer to the argument that Moore's suit was prematurely brought because of his failure to exhaust the administrative remedies granted him by the Railway Labor Act, the court said: "But we find nothing in that Act which purports to take away from the courts the jurisdiction to determine a controversy over a wrongful discharge or to make an administrative finding a prerequisite to filing a suit in court." However, this general *50 language is no aid to the plaintiff, because of the restrictions placed upon it in the Slocum case, as shown by the quotation therefrom, above.
In the Schlenk case, decided December 6, 1948, our Supreme Court held the former Court of Chancery was without jurisdiction "to determine, either before or after the hearing and appeals provided for in this contract, the extent of the discipline the employer may impose as a condition of the employee remaining in his service or to curb the employer's right to dismiss his employee." In referring to a prior decree of the former Court of Chancery, which was not appealed from, the court said it was sound because "Where a contract exists, however, equity has the power, as it did here, to protect the complainant from the consequences of a hasty trial without being represented, in violation of the contractual provisions for `a fair hearing and investigation' and appropriate representation thereat." We note that the court also said: "Holding the view we do as to the lack of inherent jurisdiction of equity, we do not deem it necessary to pass on the question raised as to the necessity of the complainant exhausting his remedies before the National Railroad Adjustment Board."
In the Coyle case, decided January 24, 1949, our Supreme Court held that our former court of equity had jurisdiction in a case in which the employee alleged he had not been accorded a fair trial pursuant to the terms of the working agreement between the defendant railroad and the union, and on a finding that the defendant railroad had failed to comply with the terms of the contract in the investigation, that the court had power to set aside the discharge of the complainants and to order their reinstatement with back pay, retirement and pension rights, but only pending a proper investigation pursuant to the terms of the contract.
Unlike the complainants in the Schlenk and Coyle cases, this plaintiff did not seek the aid of the Chancery Division to protect him from the consequences of a hasty trial without being represented, in violation of the contractual provisions for a hearing. What effect, if any, the Slocum and Order of *51 R.C. of A. cases may have upon the Schlenk and Coyle cases is not before us, and we express no opinion thereon.
The plaintiff contends that the pleadings raised a justiciable controversy in the Law Division of the Superior Court, if not in the Chancery Division. Since he sought damages for illegal discharge, he may be permitted to amend his complaint so that it sets forth his choice to accept the defendant's action in discharging him as final. Cf. Kendall v. Pennsylvania Railroad, above; Haggquist v. Hudson & Manhattan R.R., above.
The judgment is affirmed without prejudice to a motion by the plaintiff before the court below, within ten days after the remand of the record, to amend the complaint and to transfer the cause to the Law Division of the Superior Court.