26 N.J. Super. 394 (1953)
98 A.2d 60
REMA BEVILACQUA, AS ADMINISTRATRIX AD PROSEQUENDUM OF ANTONIO BEVILACQUA, DECEASED, PLAINTIFF-APPELLANT,
v.
ALEXANDER SUTTER, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued June 15, 1953.
Decided June 24, 1953.
*395 Before Judges GOLDMANN, SMALLEY and SCHETTINO.
Mr. George Pellettieri argued the cause for the appellant.
Mr. Lester C. Leonard argued the cause for the respondent.
*396 The opinion of the court was delivered by SMALLEY, J.S.C. (temporarily assigned).
This is an appeal by the plaintiff Rema Bevilacqua, as administratrix ad prosequendum of Antonio Bevilacqua, her deceased husband, from an order of the Mercer County Court granting defendant's motion for a judgment of involuntary dismissal.
The facts and circumstances forming the basis for this action may be briefly stated. On the morning of Sunday, October 7, 1951, Antonio Bevilacqua, then 53 years of age, as a guest and invitee of the defendant, left Trenton with the defendant in the latter's car to go fishing at the shore. At about 2:05 P.M. of the same day, on the return trip, the defendant was operating his automobile on the Allentown-Lakewood Road proceeding toward Allentown, in the township of Millstone, Monmouth County, accompanied by plaintiff's decedent and one Mrs. Smith. At a point approximately four miles from Allentown, just after coming around a curve, defendant's automobile left the right side of the highway on which it was traveling, crossed over to the left of the highway over the shoulder of the road and an adjacent ditch, striking a pole and thereafter overturning. Extremely heavy rain was falling at the time of the above described accident. There were no skid marks left at the scene of the accident.
As a result of the accident Antonio Bevilacqua suffered a depressed fracture of the skull resulting in a cerebral hemorrhage subsequently determined to be the cause of his death an hour after the mishap.
Thereafter the plaintiff instituted suit for pecuniary losses sustained by her and the children of the marriage. In her complaint she alleges that
"* * * At the aforesaid time defendant owner negligently operated said automobile toward Trenton on the Allentown-Lakewood Road, a public highway, in the Township of Millstone, Monmouth County, N.J., so that said automobile went off the road and struck a tree. * * *"
The pretrial order (filed February 13, 1953) contains the statement that "The plf invokes the doctrine of res ipsa loquitur."
*397 Plaintiff introduced testimony by State Trooper Godelsky  who, with State Trooper O'Connor, had investigated the accident  to the effect that he heard the defendant say, "he lost control of the car and skidded and swerved to the left of the road and hit the pole." In the course of the cross-examination Godelsky was handed and was permitted by plaintiff's counsel to read from an accident report prepared by O'Connor and signed by Godelsky, which said:
"Mr. Sutter states there was a bright flash of light, whether it was lightning or from nearby wires he could not say. Mr. Bevilacqua suddenly screamed and slumped across his lap, causing him to lose control and skid and strike a pole."
Godelsky was not in the hospital room the entire time that O'Connor interviewed defendant. He recalled that defendant had said that there was a flash and Bevilacqua threw up his hands, but did not recall anything being said in his presence about Bevilacqua slumping  only that defendant said he didn't know why he lost control. O'Connor testified before Godelsky, but was asked no questions as to what defendant may have told him in the course of the hospital interview.
Defendant thereafter moved for a judgment of involuntary dismissal pursuant to Rule 3:41-2 upon the grounds that plaintiff did not establish a prima facie case of negligence and, further, that the plaintiff was precluded from invoking the doctrine of res ipsa loquitur because negligence was alleged in the complaint and particular acts of negligence were shown.
This appeal is from the granting of the above motion.
On motion for a judgment of involuntary dismissal made by the defendant at the close of the plaintiff's case, the court must accept as true all evidence which supports the view of the plaintiff and must give him the benefit of all inferences which may logically and legitimately be drawn in his favor. McKinney v. Public Service Interstate Transp. Co., 4 N.J. 229, 243 (Sup. Ct. 1950).
The primary question to be determined is whether or not the doctrine of res ipsa loquitur is applicable herein. *398 The general rule is that negligence or want of due care will not be presumed, but it is a fact which must be shown. Glicken v. Bergman, 117 N.J.L. 306 (E. & A. 1936); McCombe v. Public Service Railway Co., 95 N.J.L. 187 (E. & A. 1920). However, the presumption of negligence as implied in the application of the doctrine of res ipsa loquitur is an exception to the above stated rule. Glicken v. Bergman, supra. This doctrine has been defined in numerous instances in this jurisdiction, as in the case of Smith v. Kirby, 115 N.J.L. 225, 226 (E. & A. 1935) where it is stated,
"* * * the classic definition of which is that, `where the thing is shown to be under the management of the defendant or his servants, and the accident is such as in the ordinary course of things does not happen if those who have the management use proper care, it affords reasonable evidence, in the absence of explanation by the defendant, that the accident arose from want of care.' 1 Thomp. Negl. § 15. * * *"
and see Cicero v. Nelson Transportation Co., 129 N.J.L. 493, 495 (Sup. Ct. 1943). In the Kirby case the facts were similar to those herein and the court stated:
"We think the fact that the car, the speed of which was from twenty-five to thirty miles an hour, left the highway and struck a tree on the side of the road, unexplained, called for the application of the doctrine of res ipsa loquitur."
In the present matter this court is of the opinion that the doctrine of res ipsa loquitur is applicable in view of the fact that the automobile was in the exclusive control of the defendant and it is a matter of common knowledge that when proper care is exercised an automobile ordinarily does not leave the highway, cross to the opposite side of the road and collide with a pole. Smith v. Kirby, supra; Mackenzie v. Oakley, 94 N.J.L. 66 (Sup. Ct. 1920); Beck v. Hines, 95 N.J.L. 158 (E. & A. 1920); Journey v. Zawish, 11 N.J. Misc. 482 (Sup. Ct. 1933); Spill v. Stoeckert, 125 N.J.L. 382 (E. & A. 1940). And see Ehrlich v. Merritt, 96 F.2d 251 (C.C.A. 3 1938).
*399 We find no merit in defendant's contention that plaintiff is precluded from invoking the doctrine of res ipsa loquitur where specific acts of negligence are alleged and proof thereof is introduced. The rule was aptly stated in Forsch v. Liebhardt, 5 N.J. Super. 75, 79 (App. Div. 1949), wherein it was stated:
"Our courts have established the rule that `in addition to the permissible inferences of negligence, want of due care, that may be drawn from the facts and circumstances connected with the happening of the accident itself, under the doctrine of res ipsa loquitur, the injured party may also show such other relevant facts and circumstances to the end of determining whether due care had been exercised in the sole management and control of the thing which caused the accident, and if not so exercised, whether the act resulted from the lack of care.' Cleary v. [City of] Camden, 118 N.J.L. 215 (Sup. Ct. 1937)." Mannon v. Vesper Lodge of I.O. Odd Fellows, 97 N.J.L. 215 (E. & A. 1922).
A further question to be determined is whether the trial court erred in granting defendant's motion to dismiss the action at the close of plaintiff's case. Rule 3:41-2 provides in part that,
"the defendant * * * may move for a dismissal of the action or any claim against him on the ground that upon the facts and the law the plaintiff has shown no right to relief. * * *"
In the case of Cleary v. City of Camden, supra, p. 223, wherein the doctrine of res ipsa loquitur was found applicable, Justice Perskie stated:
"We are satisfied, as already stated, that the plaintiff made out a prima facie case which justified the refusal of the defendant's motion to nonsuit, and that the proofs at the end of the entire case still remained for the jury to say whether such prima facie case was met by the evidence for the defendant, the burden of proof, of course, remaining throughout on the plaintiff. Hughes v. Atlantic City, etc. R.R. Co., 85 N.J.L. 212 [E. & A. 1914]."
Spill v. Stoeckert, supra. This view was recently reaffirmed in the case of Marzotto v. Gay Garment Co., 11 N.J. Super. 368, 375 (App. Div. 1951), affirmed 7 N.J. 116 (1951), wherein it was stated:
*400 "In our State, however, the mechanics of the operation of the rule have been stated clearly in Wildauer v. Rudnevitz, 119 N.J.L. 471 (E. & A. 1938): `In actions for negligence where the maxim res ipsa loquitur applies, the trial judge may hold that the circumstances are such as will, unexplained, permit the jury to draw the inference of negligence, but that inference is for the jury and not for the court.' Professor Prosser states: `The majority of the American courts regard res ipsa loquitur as nothing more than one form of circumstantial evidence. * * * This usually means that the inference of negligence to be drawn from the circumstances is left to the jury. They are not compelled to find it. The plaintiff escapes a nonsuit, or a dismissal of his case; but no burden of introducing evidence is cast upon the defendant, * * * if he introduces no evidence at all, the jury may still find in his favor.' Prosser on Torts, ch. 7, § 44 (1941)."
Consequently, having found in this matter that the doctrine of res ipsa loquitur is applicable we are of the opinion that it was error to grant defendant's motion for judgment of involuntary dismissal.
The judgment is reversed.