28 N.J. Super. 125 (1953)
100 A.2d 298
KENNETH C. HARTPENCE, PLAINTIFF-RESPONDENT,
v.
HANS GROULEFF, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued October 26, 1953.
Decided November 2, 1953.
*126 Mr. Franklin W. Kielb argued the cause for plaintiff-respondent.
Mr. Anthony M. Hauck, Jr., argued the cause for defendant-appellant (Messrs. Hauck and Herrigel, attorneys).
Before Judges CLAPP, GOLDMANN and EWART.
The opinion of the court was delivered by CLAPP, S.J.A.D.
This is an auto accident case in which the jury found no cause for action. Pursuant to leave given by us, appeal has been taken by the defendant from an order of the Hunterdon County Court granting plaintiff a new trial.
The plaintiff with two other men was riding in the back seat of an automobile driven by the defendant. Having accomplished the business they were about, they went for a ride stopping at a bar for a couple of drinks. Plaintiff, *127 the only one who testified on the matter of drinks, could not, though pressed on the matter, say he saw defendant drink. The accident occurred thereafter when the car came to a place stated in the testimony as having a slight downgrade. It however appears from an exhibit in the case that the grade was slight indeed. The defendant knew the road well.
At the scene of the accident, there was a sign, which defendant did not then see, stating "Speed Limit 20 miles per Hour". However, the law was changed on April 5, 1951 and the speed limit there may have been 25 miles an hour. R.S. 39:4-98, as amended L. 1951, c. 23, secs. 55, 124. In the pretrial order the defendant admitted he was proceeding 30 to 35 miles an hour. His testimony was that he was proceeding "approximately 25, maybe 30 miles an hour," "approximately 25 to 35, somewheres in there." He was watching the road, not the speedometer. Plaintiff fixed the speed of the car at 35 miles an hour.
It was a cold, wintry afternoon. There had been a snowstorm a few days before and at the time of the accident there was scattered ice and scattered snow. The auto hit an icy spot on the road which the defendant did not see (as he testified) "until I got right on it and the car started to skid." His car "slid around to the left sideways and I tried to control it by turning the wheels to the right with the slide  to the left with the slide, and it didn't seem to come out, and I went down the road sideways and hit a tree," a distance "somewheres about 50-60 feet, maybe 75 feet." He first applied his brakes just before the car hit the tree. The plaintiff testified, "We slid down the road approximately 200 feet."
Motion was made for a new trial on the ground that the verdict was against the weight of the evidence. Under R.R. 4:61-1(a) the trial court may not set aside a jury verdict as against the weight of the evidence unless it clearly and convincingly appears that the verdict was the result of mistake, partiality, prejudice or passion. The cases have added to this the requirement that the court should not interfere unless there is an irresistible inference of mistake, *128 passion, prejudice or partiality, or an inescapable conclusion thereof. Capone v. Norton, 8 N.J. 54 (1951); Hager v. Weber, 7 N.J. 201 (1951); Massari v. Accurate Bushing Co., 8 N.J. 299 (1951), passing upon the amendment made July 1, 1951 to the rule now R.R. 4:61-1(a); Flexmir, Inc., v. Lindeman & Co., 8 N.J. 602 (1952) accord; Moore v. Public Service Coordinated Transport, 15 N.J. Super. 499 (App. Div. 1951).
A motion for a new trial is a matter which lies within the discretion of the trial court, and the exercise of that discretion will not be reviewed unless there is an abuse of discretion  or, as it is sometimes stated, a "clear" abuse of discretion. Sokol v. Liebstein, 9 N.J. 93 (1952); cf. In re Koretsky's Estate, 8 N.J. 506, 535 (1951). There is a line of cases in this state saying or implying that there is no abuse of discretion on the part of a trial judge unless, inter alia, he has acted unconscientiously. Sokol v. Liebstein, 9 N.J. 93 (1952); In re Koretzky's Estate, 8 N.J. 506, 535 (1951), supra; Hager v. Weber, 7 N.J. 201 (1951), supra; City of Bayonne v. Murphy & Perrett Co., 7 N.J. 298 (1951); Carlo v. Okonite-Callender Cable Co., 3 N.J. 253 (1949). However, the more recent authority supports the view that this means essentially a "manifest denial of justice." State v. Shiren, 9 N.J. 445 (1952); cf. Allegro v. Afton Village Corp., 9 N.J. 156 (1952); Healy v. Billias, 17 N.J. Super. 119 (App. Div. 1952); Smith v. Smith, 17 N.J. Super. 128 (App. Div. 1951), speaking also of plain error and a manifest misuse of discretion; O'Neil v. Bilotta, 18 N.J. Super. 82 (App. Div. 1952); Palestroni v. Jacobs, 18 N.J. Super. 438 (1952); Carbone v. Warburton, 22 N.J. Super. 5 (App. Div. 1952), speaking of "a mistaken use of discretion."
The use of the phrase "abuse of discretion" has been deprecated, Schuttler v. Reinhardt, 17 N.J. Super. 480 (App. Div. 1952), and as said by Justice Case the phrase need not be retained, though trial judges for generations have borne up bravely under that castigation. Hager v. Weber, 7 N.J. 201, 214 (1951), supra.
*129 We cannot say upon this record that the trial court acted unconscionably, but we do find a manifest denial of justice. Manifestly and beyond all question the verdict here should not have been set aside.
The trial court, in stating its reasons for granting a new trial, claimed that the circumstances brought the case within the rule of Mackenzie v. Oakley, 94 N.J.L. 66 (Sup. Ct. 1919); that in other words this was a case of res ipsa liquitur, calling upon the defendant to come forward with an explanation. The court thereupon reviewed the evidence pointing out that the defendant had "testified that he was going 25 to 35 miles an hour; that he did not see the sign limiting the speed near the accident; that there were icy spots on the road; that he did not see the icy spot until he started to skid; that his car went sideways a distance of approximately 75 feet and struck the tree." The court concluded that this evidence on the defendant's part did not furnish the explanation called for by the doctrine of res ipsa loquitur.
We will assume, without deciding it, that this doctrine was applicable here even though the cause of the accident, namely, the slipping on the ice, was clearly established. Cf. Sibley v. City Service Transit Co., 1 N.J. Super. 199 (App. Div. 1949), affirmed 2 N.J. 458 (1949). It may be that the trial court felt that the circumstances bringing into play the doctrine must, if unrebutted, require the court to take a case from the jury or to set a jury verdict aside. If so, this was error. Marzotto v. Gay Garment Co., 11 N.J. Super. 368 (App. Div. 1951), affirmed (though referring erroneously to 11 N.J. Super. 46) 7 N.J. 116 (1951); Bevilacqua v. Sutter, 26 N.J. Super. 394 (App. Div. 1953).
Where this doctrine comes into operation, an inference of negligence may be drawn by the jury, but not by the court; whether the inference "amounts to proof is the exclusive province of the jury." Sibley v. City Service Transit Co., 2 N.J. 458, 465, supra. Indeed if the defendant "introduces no evidence at all, the jury may still find in his favor." Marzotto v. Gay Garment Co., supra; Bevilacqua *130 v. Sutter, supra. Here there is surely no clear and convincing, inescapable or irresistible inference of the defendant's negligence. The failure to see the icy spot, the matter most strongly pressed on the argument, does not create so strong an inference of negligence. We know neither the color of the ice, whether it was snow  ice or dark ice, nor the color of that which bordered the ice, whether snow or a dark road. A careful driver may have come upon it without any forewarning.
The order granting a new trial is reversed.