James S. Brown, J.
In this action brought to recover damages for personal injuries sustained in an automobile accident, the jury returned a verdict for plaintiff. Defendant appeals, contending that the complaint should have been dismissed for failure to prove a prima facie case of negligence. The only evidence concerning the accident consisted of testimony by plaintiff that at about 2:00 p.m., on June 5, 1956, she was seated in a car which was parked at the curb at 42nd Street between 5th and 6th Avenues, in the Borough of Manhattan. Suddenly she was jolted forward and her head struck the handle on the dashboard. This was caused by defendant’s truck colliding *644 with the rear of the car. Defendant called no witnesses and offered no evidence as to the cause of the accident. There is nothing in the record to indicate any unusual weather conditions or other circumstances which would make vehicular travel hazardous or visibility poor.
The facts in this case as testified to by plaintiff warrant the application of the doctrine of res ipsa loquitur since “ The circumstances of the case unexplained justify the inference of negligence ” (Galbraith v. Busch, 267 N. Y. 230, 233). The doctrine of res ipsa loquitur has been repeatedly applied where a moving vehicle collides with a vehicle that is at rest or properly parked (Rosenberg v. American Ry. Express Co., 198 N. Y. S. 224; Oppenheimer v. American Ry. Express Co., 181 N. Y. S. 195; Wasserman v. Kaufman, 162 N. Y. S. 752; 9B Blashfield, Cyclopedia of Automobile Law and Practice, § 6045; 5A Am. Jur., § 928; Ann. 151 A. L. R. 876 et seq.). The reason for applying res ipsa loquitur under such circumstances has been explained as follows: 1 ‘ The collision of vehicles on the highway is held by most courts to give rise to no inference of negligence against either driver in favor of the other, or in favor of a third person injured by the collision, on the ground that neither driver is in exclusive control of the situation. It is only where one vehicle is stationary, or its fault is eliminated by some other specific evidence, that res ipsa loquitur can apply against the other.” (Prosser, Torts [2d ed.], pp. 206-207.)
Some doubt may have been cast upon the application of the res ipsa loquitur doctrine to a situation of this kind by the recent case of Lo Piccolo v. Knight of Rest Prods. Corp. (7 A D 2d 369 [1st Dept.]). There, the only evidence of the cause of the accident came from witnesses produced by plaintiff to the effect that while traveling on the Manhattan Bridge defendant’s truck crossed over two lanes and collided head-on with plaintiff’s truck which was proceeding in the opposite direction in the proper lane. The jury returned a verdict for defendant. The trial court set aside the verdict as contrary to the weight of the credible evidence and ordered a new trial. On appeal the verdict was reinstated. Three separate opinions were written.
Mr. Justice Bbeitbl, in an opinion concurred in by Mr. Justice Babin, voted for reinstatement of the verdict. Belying on Galbraith v. Busch (267 N. Y. 230) he stated that it is the settled law in this State that the mere sudden swerving of an automobile from its own lane is not prima facie evidence of negligence or evidence sufficient, without more, to permit an inference that the driver was negligent. Accordingly, his *645 opinion stands for the proposition that under such circumstances the res ipsa loquitur doctrine does not apply.
In a dissenting opinion, Mr. Justice Bergan construed the rule of the Galbraith case as limited in its application to cases involving guest passengers. The learned Justice observed: “ The problem of balanced inferences created by the constructive assumption of risk by an invited guest for all defects in a car not known to the owner which may come to stand in the way of a guest’s right to recovery if he is hurt, has no logical application to injuries done to strangers by the operators of vehicles.” (7 A D 2d 369, 380.) He concluded that the facts presented essentially a prima facie case of negligence unexplained on the record, and that, therefore the trial court was warranted in setting aside the verdict for defendant and directing a new trial.
Mr. Justice Bergait’s conclusion that a prima facie ease had been made out, based upon his analysis of the Galbraith case, was concurred in by Mr. Justice McNally and also by Presiding Justice Botein who wrote a separate opinion. However, the Presiding Justice voted to reinstate the verdict for defendant, on the ground that the jury was not required as a matter of law to adopt the inference of negligence afforded by the res ipsa loquitur doctrine.
I am in full accord with the conclusion that the holding in the Galbraith case, which in effect excluded the application of the res ipsa loquitur rule, was intended to apply in the limited area of host-guest cases. (Lahr v. Tirrill, 274 N. Y. 112; Marinan v. Kronberger, 280 N. Y. 640; Cole v. Swagler, 308 N. Y. 325.)
It is to be noted that the views of Mr. Justice Bergau, although expressed in a minority opinion, actually represent the views of the majority as to the applicability of the res ipsa loquitur doctrine. Thus, Presiding Justice Boteir and Mr. Justice McNally agreed with him that a prima facie case was made out.
In the instant case since defendant did not produce evidence to rebut plaintiff’s prima facie case, it was for the jury to determine whether the inference of negligence should be drawn from the evidence presented by plaintiff. (George Foltis, Inc. v. City of New York, 287 N. Y. 108; see, also, Sweeney v. Erving, 228 U. S. 233, 240.) The jury having weighed the evidence and drawn an inference of negligence, which it was entitled to do, its verdict should not be disturbed.
The judgment should be affirmed, with $25 costs.
Pette and Hart, JJ., concur.
Judgment affirmed, etc.