Walter R. Hart, J.
In these actions for personal injuries and property damages plaintiffs move for summary judgment. It is uncontradicted that the car in which plaintiffs were passengers at the time of the accident was at a standstill at a red traffic light when it was struck in the rear by defendants’ vehicle. In self-exculpation defendants aver that without previous warning the foot brake on the car failed, that the emergency brake was applied but failed to stop the car timely.
By establishing that their car was at rest when struck in the rear plaintiffs have established a prima facie case of negligence perforce of the res ipsa loquitur doctrine. (Bondar v. Ar Jay Paint Co., 20 Misc 2d 643.) However, that doctrine merely stands for the proposition that under such circumstances a trier of the facts may infer negligence but is not constrained to do so even in the absence of an explanation by defendant. (Lo Piccolo v. Knight of Rest Prods. Corp., 7 A D 2d 369; George Foltis, Inc. v. City of New York, 287 N. Y. 108.) The trier of the facts in this case may upon a trial decline to infer negligence and the trial court would not be warranted in directing a verdict.
Accordingly the motion for summary judgment is denied. Submit order.