Frank A. Gulotta, J.
This is a motion for summary judgment in an automobile accident case in which the plaintiff was injured while she was a passenger in a car owned by defendant Briscoe and operated by defendant Fults, when the car veered off the road and hit a utility pole on the left-hand- side of the highway.
No explanation has been advanced to account for the accident. The road was unobstructed, the weather clear and there was no other traffic moving in either direction at the time and place of the accident.
*969 The defendants oppose the granting of this motion on the ground that the plaintiff and defendants were engaged in a joint venture at the time of the accident, because there was some vague arrangement between them whereby in addition to her room rent as a roomer at defendant’s house, plaintiff would pay some unspecified amount toward the expenses of the defendant’s car.
This defense is deficient on several counts. First, there is no mention of it in the answer and there should be, since a plaintiff confronted with it for the first time at the trial, could justly claim surprise. (See note to Verduce v. Board of Higher Educ., 9 A D 2d 214.) Second, assuming the defense were properly pleaded, there is a total lack of the elements necessary to spell out a joint venture, to wit: [1] a definite agreement to pay a substantial share of the automobile trip, [2] a common destination, [3] an equal voice in fixing or changing the route, and [4] that the trip be for a common purpose. (Restatement, Torts, § 491, comment g.) This whole trip was two and one-half miles made solely to accommodate the plaintiff.
Third, the doctrine of imputed negligence has no application as between the joint venturers themselves, when one sues the other as the actual wrongdoer, and the owner of a vehicle made liable by virtue of section 59 of the Vehicle and Traffic Law would seem to be in no better position. (Smith v. Clute, 277 N. Y. 407.)
Therefore if this were the only point involved, the plaintiff’s motion would be granted.
However, the plaintiff was by her own admission, a gratuitous guest of the defendants at the time of the accident. As such they owed her a duty of due care in the management of the vehicle, but they had no duty toward her to discover any defects in the mechanical equipment of the car. (Higgins v. Mason, 255 N. Y. 104.)
The car’s leaving the road and striking a pole without further explanation is as consistent with the existence of a mechanical defect, for which defendants are not liable, as it is with negligent operation of the car, for which they are liable. (Galbraith v. Busch, 267 N. Y. 230.)
There may be some doubt whether this same rule can be applied to a nonguest case as was done in Lo Piccolo v. Knight of Rest Prods. Corp. (7 A D 2d 369), but as is suggested in Bondar v. Ar Jay Paint Co. (20 Misc 2d 643), that case may have decided nothing more than that even where the res ipsa loquitur doctrine applies, as it does in a nonguest case, it does not compel a verdict by the jury in favor of plaintiff, it merely *970 permits one. This of course is sufficient to defeat a motion for summary judgment, which presupposes that there is no question for a jury.
We have the anomalous situation here of the defendant contending’ plaintiff was not a gratuitous guest, and the plaintiff contending that she was, although if the above exposition of the law is correct, we should expect them to be contending exactly the opposite. However, for the reasons indicated, this motion must be denied whatever her status. Short-form order signed.