Mario Pittoni, J.
Motion for summary judgment in an action for personal injuries denied. Issues of fact exist which cannot he resolved without a trial.
On a motion for summary judgment the testimony of the nonmoving party is accepted as true. Here, the defendant claims in his affidavit that the plaintiff Gravee C. Tyree brought *128 her vehicle to a sudden and abrupt stop before reaching the intersection of Peninsula Boulevard and Henry Street in Hemp-stead, N. Y., on October 18, 1958 about 6:00 p.m., and that he applied his brakes, but a collision with the rear of the plaintiffs ’ oar resulted. In the excerpt of the examination before trial, quoted in the affidavit of plaintiffs’ attorney, the defendant admits the collision, and says that he was proceeding about 5 to 10 miles per hour and that immediately prior to the accident the plaintiffs’ vehicle was stopped.
The mere fact that the plaintiffs’ vehicle was motionless at a traffic light when it was struck in the rear does not compel as a matter of law the inference that the defendant was negligently responsible for the accident (Schwartzberg v. Norotsky, 20 Misc 2d 638; Bondar v. Ar Jay Paint Co., 20 Misc 2d 643 ; Elian v. Teck, 9 A D 2d 914; Santomieri v. Oliveri, 10 A D 2d 636; Pauley v. F. & J. Trucking Co., 10 A D 2d 629). Nor may the defendant be charged with negligence as a matter of law for following the plaintiffs’ vehicle at a distance of 15 feet when his car was traveling 5 ito 10 miles per hour, particularly when a stop at the time and place referred to by the defendant was not to be expected (Zwilling v. Harrison, 269 N. Y. 461).