Joseph MARINO, Plaintiff,

v.

AMERICAN PRESIDENT LINES, LTD., and Stevedoring Equipment, Inc., Defendants.

AMERICAN PRESIDENT LINES, LTD., Plaintiff,

v.

STEVEDORING EQUIPMENT, INC. and Nacirema Operating Co., Inc., Defendants.

NACIREMA OPERATING CO., Inc., Plaintiff,

v.

STEVEDORING EQUIPMENT, INC., Defendant.

STEVEDORING EQUIPMENT, INC., Plaintiff,

v.

AMERICAN PRESIDENT LINES, LTD., and Nacirema Operating Co., Inc., Defendants.

United States District Court
S. D. New York.

Dec. 9, 1960.

Zarah Williamson, New York City, for plaintiff; Jacob Rassner and Theodore H. Friedman, New York City, of counsel.

Symmers, Fish & Warner, New York City, for defendant American President Lines, Limited; William Warner, New York City, of counsel.

John P. Smith, New York City, for Stevedoring Equipment, Inc.; George S. Pickwick, New York City, of counsel.

Galli & Locker, New York City, for defendant Nacirema Operating Co., Inc.; Patrick J. McCann, New York City, and Albert Wall, of counsel.

HERLANDS, District Judge.

The question before the court is presented by the defendant's motion made at the close of plaintiff's case to dismiss the complaint and for a directed verdict.

The accident in this personal injury action occurred when the moving fork lift.

truck (sometimes called a Hi-Lo) driven by defendant's employee (Charles W. Hill) hit the stationary truck on which plaintiff was piling bales of jute. The Hi-Lo had just discharged some bales onto the truck on which the plaintiff and his helper (Nathaniel Washington) were working as loaders. The Hi-Lo then backed away and was going around the rear of the truck on its way to a shed to get another load of bales. The routes taken by the Hi-Lo on its approach to and departure from the truck was sketched by Hill on Defendant's Exhibit D.

The incident occurred in the forenoon of September 29, 1955, on Pier 18, Port of Newark, New Jersey.

There was evidence that railroad tracks were on the pier at or in the immediate location of the parked truck and the area of operation of the Hi-Lo.

Washington was on the parked truck assisting the plaintiff at the time of the accident. He testified (SM p. 43) that he saw the Hi-Lo coming towards the truck; he saw it leaving the truck; and "in between the time" he heard and felt an impact that knocked him down. He did not see the actual collision or contact between the truck and the Hi-Lo.

The only evidence offered on plaintiff's case as to how the accident actually occurred is contained in the following excerpts from the testimony of Hill, the driver of the Hi-Lo:

At SM pp. 81–82, Hill testified:

" * * * as I was going around the truck, I don't know what it was —I think it was the tracks, or it could have been a stone or a piece of wood—I didn't stop to find out what it was but it hit the rail—I know it was right in between the rails, and the wheel—the wheel that I was—the steering wheel hit one of these right fast and they makes the rear wheel shimmy, and it nipped the rear of the truck. * * * It hit the rear of the truck. * * * In other words, it contacted the rear end of the truck. Well, I straightened up and kept on going * * *."

At SM p. 90, Hill testified:

" * * * I was going back to the house to get another load, and I hit the railroad track or something, or a stone or a piece of wood or something, and it jarred—it hit the truck in some way—just one of those things that happened, and then I went on to the house, * * *".

The Hi-Lo weighs 3 or 4 tons (SM p. 79) and in addition carries a counterweight of 2½ tons (SM p. 80), making a moving mass of 5–6½ tons. It can go 3–5 miles per hour (SM p. 80). It is 10 feet long and from 4 to 6 feet wide (SM p. 79).

■ Since the accident occurred in New Jersey, and this is a diversity case, the controlling substantive law is that of New Jersey.

■ Where defendant's moving vehicle collides with a vehicle that is stationary or properly parked, that circumstance permits the jury to infer that the defendant was negligent. The inference is permissive and not mandatory, Prosser, Torts (2d Ed.) 206–207; Bondar v. Ar Jay Paint Co., Sup.Ct., App.Term, 2nd Dept., 1959, 20 Misc.2d 643, 191 N.Y. S.2d 767, cited with approval in: Schwartzberg v. Sustrin, Sup.Ct., Sp.T., Kings Co., 1959, 20 Misc.2d 638, 639, 194 N.Y.S.2d 26; Breasette v. Briscoe, Sup.Ct., Sp.T., Nassau Co., 1960, 21 Misc. 2d 968, 969, 197 N.Y.S.2d 866; Schneider v. Elvin, Sup.Ct., Sp.T., Nassau Co., 1960, 22 Misc.2d 127, 128, 203 N.Y.S.2d 130.

This situation of a moving vehicle hitting a stationary vehicle is distinguished by the New York decisions from cases where a car suddenly leaves the road and strikes a pole or tree without further explanation (Galbraith v. Busch, 1935, 267 N.Y. 230, 196 N.E. 36).

In that case, it is held that the proof does not constitute prima facie evidence of negligence.

The New York cases also hold that evidence that a car skidded does not alone constitute evidence of negligence. Greyhound Corporation v. Salvation Army, 2

Cir., 1958, 252 F.2d 331, 332, applying N. Y. case law.

The New Jersey courts apparently are more liberal than the New York courts, for the former permit the drawing of an inference of negligence even in the sudden swerving or skidding cases. See Smith v. Kirby, 115 N.J.L. 225, 178 A. 739, 740 (Ct. of Errors and Appeals, N. J.1935); Mackenzie v. Oakley, 1920, 94 N.J.L. 66, 108 A. 771.

Since the New York decisional rule permits an inference of negligence where a moving vehicle hits a stationary vehicle, a fortiorari the more liberal New Jersey courts would permit an inference of negligence in that situation. This would accord with the prevailing view in other jurisdictions. See Annotation, 151 A.L.R. 876 et seq.

In the circumstances of the case at bar, an inference of negligence may be drawn because the likelihood of an explanation not involving negligence is not so great. (Cf. Harper and James, The Law of Torts (1956) Vol. 2, p. 1073).

It is not helpful to discuss the problem in terms of res ipsa loquitur or presumptions. Res ipsa loquitur is a pat formula, expressing a conclusion, not a reason. Nor does the case involve a true presumption as that term is correctly used.

The real issue is one of logic based on experience, that is, does the evidence rationally permit an inference of defendant's negligence?

It is not always free from doubt whether the particular evidence is sufficient to present a jury question. Our most experienced judges are sometimes in disagreement over that kind of issue. See, for example, New York, New Haven & Hartford Railroad Company v. Henagan, 364 U.S. 441, 81 S.Ct. 198, 5 L.Ed.2d 183, reversing 1 Cir., 272 F.2d 153; Michalic v. Cleveland Tankers, Inc., 364 U.S. 325, 81 S.Ct. 6, 5 L.Ed.2d 20, reversing 6 Cir., 271 F.2d 194.

The majority and dissenting opinions in the two Supreme Court cases cited illustrate the divergence of opinion presented by the evidence in those cases.

However, in this case both precedents and logic compel the conclusion that the defendant's motion to dismiss the complaint and for a directed verdict should be and hereby is denied.